WHITE RIVER RAILWAY COMPANY *v.* BATESVILLE & WINERVA

TELEPHONE COMPANY.

Opinion delivered December 17, 1906.

1. APPEAL—FAILURE TO EXCEPT TO INSTRUCTION.—Appellant can not complain of the giving of an instruction if he saved no exception thereto. (Page 200.)

2. MASTER AND SERVANT—ACTS OF INDEPENDENT CONTRACTOR.—The rule that a master is not liable for the negligent or wrongful acts of an independent contractor is subject to exception in case where the thing to be done must necessarily damage another. (Page 200.)

3. AMENDMENT OF ANSWER—REFUSAL TO PERMIT—PREJUDICE.—Appellant can not complain because the court refused to permit it to amend its answer if the court had already permitted it to adduce all the testimony bearing upon the issue sought to be raised by the amendment. (Page 201.)

4. RAILROAD—RIGHT OF WAY.—A railroad company, by filing a survey and proceeding to construct its roadbed, acquires no exclusive rights to its right of way until it files a map and profile of the route, as required by Kirby's Digest, § 6569. (Page 202.)

Appeal from Izard Circuit Court; *John W. Meeks,* Judge; affirmed.

### STATEMENT BY THE COURT.

The complaint charged that the Batesville & Winerva Telephone Company was a corporation organized under the laws of Arkansas, and owned prior to October, 1901, a telephone line through the counties of Independence, Izard and Baxter, and that in the early part of 1901 it constructed its telephone line on the north or east bank of White River from Syllamore to Penter's Bluff, Independence County. That in October, November and December, 1901, the defendant, the White River Railway Company, began the construction of its line of railway from Penter's Bluff to Syllamore. That the railway company constructed its roadbed largely upon the ground where plaintiff's line was located, and in the construction of its line defendant wilfully, intentionally and unlawfully cut down, tore down, and dug up a large number of plaintiff's poles, towit, 560, and tore down and destroyed plaintiff's telephone wires for the greater part of the distance between Penter's Bluff and Syllamore. That by reason thereof plaintiff lost the value of said telephone line, in addition to the expense of erecting and maintaining it. That, by reason of such willful, intentional and unlawful destruction of its plant, plaintiff has been damaged $3,000 actual damages, and the further sum of $3,000 double damages, and asks for damages in the sum of $6,000.

The appellant answered, denying each and every allegation of the complaint, and further charged that, if plaintiff's telephone line was injured, as alleged, it was the act of one J. R. Reynolds, or his sub-contractors, the said Reynolds having the contract, as an independent contractor, for the construction of said railroad, and for whose negligence and torts this defendant is in no wise responsible.

After the jury had been impaneled and after the evidence was all in, the defendant asked leave of the court to amend its answer, so as to conform to new evidence, which amendment was as follows:

"Defendant, for further answer, says: That the defendant surveyed its line of road over the line on which plaintiff built its telephone line, and had staked off its right of way, and was in good faith proceeding to build its line of railroad before the plaintiff built its telephone line; that after it had so appropriated said

line the defendant built its telephone lines on the line of the defendant's survey, with full knowledge and notice of the right and claim of defendant, and subject to same."

The court refused to allow the amendment to be made, to which all proper exceptions were saved.

The uncontradicted evidence establishes the fact that the damage of which appellee complains was done by a sub-contractor, one J. W. Williamson, who had a contract with appellant's principal contractor, J. H. Reynolds, for the cutting of the right of way and constructing appellant's roadbed along the line where it is alleged that appellee's injury occurred. It was conclusively established that the work which caused the injury and damage to appellee was the work of an independent contractor, over which appellant exercised no control.

The proof tended to show that the work of clearing appellant's right of way and building the roadbed necessarily caused the injury to appellee's telephone line of which it here complains. There was some proof of negligence on the part of the contractor in injuring the telephone line.

The clerk of the circuit court of Izard County, where the injury occurred, testified that the map adopted by the White River Railway Company was filed in his office February 8, 1902, and that the profile of the road was filed February 13, 1902. The undisputed evidence showed that appellant's right of way over which appellee's line ran was cut and cleared in 1901. There is no testimony abstracted by appellant or appellee that shows that any work was done on the road covered by appellee's telephone line, where the injury to it was done, after the filing of the map and profile.

So far as abstracted, the testimony shows that the work on appellant's right of way that injured appellee occurred before appellant had filed its map and profile.

There was some proof tending to show that appellee's telephone line was built after appellant's survey was made and the right of way cut. But the preponderance of the evidence was to the contrary.

The court on its own motion, among others, gave the following instruction:

3. "If you find from the evidence that the plaintiff sus-

tained damages to its telephone line substantially as alleged in the complaint, and that the damages so sustained were occasioned by the acts of contractors who had contracts with the defendant to clear the right of way and construct its road, the defendant is liable for all the damages sustained by plaintiff which were necessarily done by said contractors in the cutting of the said right of way or construction of said railroad. In other words, if the contractors, in cutting out the right of way and constructing the railroad, were necessarily compelled to destroy the plaintiff's telephone line, then you will find for the plaintiff."

4. "I instruct you that an independent contractor is one to whom the owner lets a certain work, to be done by such contractor and delivered to the owner in a finished condition, when the owner reserves no control over the employees of the contractor, or the manner of conducting the work; and if you find from the evidence that the clearing of the right of way and constructing the railroad in controversy had been let to such independent contractor by the defendant, and that the damages sustained by the plaintiff, if any, or any part thereof, was the result of the negligence of said contractor or his employees or sub-contractors, then I charge you that the defendant would not be responsible to the plaintiff for such damages, and you will find for the defendant as to all such damages as were the result of such negligence."

5. "If you find from the evidence that the plaintiff's telephone line was injured by the clearing of the right of way and construction of said railroad, and that the defendant is liable under these instructions for only a part thereof, then I charge you that it is incumbent on the plaintiff to prove, by a preponderance of the evidence, that part of said damages for which defendant is liable; and unless the plaintiff has so proved said damages, you will find for the defendant."

The court refused the following request of appellant for instructions, towit:

1. "If you find from the evidence that the defendant had surveyed its line, or any part thereof, before the plaintiff built its telephone line, and that the plaintiff built its telephone line, or any part thereof, on the survey defendant had made on which to build its railroad, and the defendant was at the time in good faith

prosecuting the work of building its line of road, and the plaintiff built its telephone line on the line of said survey, with knowledge of said survey, then I charge you that the plaintiff would not be entitled to recover for such damage to its line as was the necessary consequence of the clearing of the right of way and construction of said railroad."

The court refused to give defendant's instruction number one, as above, to which all proper exceptions were saved. A judgment for $550 was rendered in favor of plaintiff.

Appellant's motion for new trial contained the general assignments that the verdict was contrary to law and contrary to the evidence, and the following:

"Fourth. The court erred in refusing to permit defendant to amend its answer to conform to the evidence and the facts proved and admitted in the case.

"Fifth. The court erred in giving its instruction number three, over defendant's objection.

"Sixth. The court erred in refusing to give instruction number one as asked by defendant.

"Seventh. The verdict is excessive."

The motion was overruled, and this appeal duly prosecuted.

*B. S. Johnson,* for appellant.

1. The acts complained of being the acts of an independent contractor, and appellant having reserved no control over those employed in the work, it is not liable. 53 Ark. 503; 55 Ark. 510; 54 Ark. 424; 3 Elliott on Railroads, 1586, 1591; 77 Ark. 551.

2. The third instruction was erroneous. There was no evidence that it was necessary to break down the telephone line, or to destroy the poles.

3. The court erred in refusing to permit defendant to amend its answer after the testimony was all in so as to conform to the proof. Kirby's Digest, § 6145; 64 Ark. 257; 29 Ark. 323; 53 Ark. 263; 58 Ark. 504; 59 Ark. 317; 70 Ark. 233; 44 Ark. 524.

*John B. McCaleb* and *Bradshaw, Rhoton & Helm,* for appellee.

1. That the work was done by an independent contract or does not necessarily relieve the appellant of liability for injury. If

the injury done in prosecuting the work by the contractors in an ordinary maner is inherent in the nature and character of that work, then the company is liable. 53 Ark. 503; 55 Ark. 522; 77 Ark. 553. If the contractor was not negligent, and did not exceed his authority, the company is liable. 3 Elliott on Railroads, 1063. Appellant was without authority to construct any part of its road through the county until it had filed a profile and map with the county clerk; and where the work to be done is wrongful or unlawful in itself, doing it by another person under any form of contract will not relieve the employer. *Id.* 1064; 1

2. There was no error in refusing to allow defendant to amend its answer. It raised no issue which was not submitted to the jury.

3. There was no exception to the third instruction below.

WOOD, J., (after stating the facts.)

First. Appellant did not except to the giving of instruction number three which it makes the fifth ground of its assignment of error in the motion for new trial. Appellant therefore can not complain of the giving of this instruction.

But, passing that, instructions numbered three and four declared the law more in appellant's favor than it had the right to ask under the testimony adduced.

The proof showed that the work contracted for by appellant with its principal contractor, and which was by him sublet to another, would necessarily result in injury to appellee. Where such is the case, the company contracting for the work to be done is liable, although the work is to be done by an independent contractor. This court, while announcing the doctrine that a railway company is not responsible for the negligent or wrongful acts of an independent contractor in the construction of its work, has not failed to note also the qualifications to the rule. See *St. Louis, I. M & S. Ry. Co.* v. *Gillihan,* 77 Ark. 553, and cases cited.

In *Martin* v. *Railway,* 55 Ark. 510, this court, after announcing the rule, declared also the limitations as follows: "But this rule of immunity from liability is not without its qualifications. If the thing to be done is in itself unlawful, a nuisance *per se,* or probably can not be done without necessarily doing damage, the person causing it to be done by another is as much

liable for injuries suffered by third persons from the act done as he would be had he done the act in person." The qualifications are in fact but a part of the rule. See *Railway* v. *Yonley*, 53 Ark. 503, where this court announces the rule in a quotation from Judge Cooley in his work on Torts, at page 646; also 3 Elliott on Railroads, § § 1063, 1064; 1 Jaggard on Torts, 233 *et seq.*

The instructions given were really more favorable to appellant than the facts warranted; for it was undisputed that the work could not be done in the ordinary way without injury to appellee, yet the court submitted to the jury the question of whether or not the work was necessarily injurious to appellee, and as to whether or not the injury was caused by the negligence of the subcontractor or his employees. The appellant, of course, was not liable for any injury caused solely by the negligence of its independent subcontractor or his employees; or for any increased damages which their negligence might have occasioned. But it was liable for injuries which must have resulted from the prosecution of the work, although the negligence of the independent subcontractor may have increased the injury and enhanced the damages. The instructions were given in the form most favorable to appellant, ignoring undisputed facts in the record in favor of appellee.

Second. The court did not err in refusing to permit appellant to amend its answer as set forth in the statement of facts. Such an amendment was a work of supererogation on the part of appellant, for it had already adduced before the jury without objection all the testimony bearing upon the issue sought to be raised by the amendment. The amendment was unnecessary, and the court did not abuse its discretion in refusing it, for in so doing no possible prejudice to appellant's cause resulted.

Likewise, the court did not err in refusing appellant's request for instruction number one. The making of a survey gave appellant no right in the land on which appellee's telephone was located, even if the telephone was built after the survey. It was not shown when appellant acquired its right of way, and, unless this was acquired prior to the construction of appellee's telephone, appellant had no exclusive rights in the ground. Moreover, the clearing of appellant's right of way was done in 1901, prior to the filing of its map and profile in the office of the circuit

clerk of Izard County. The appellant was therefore without authority to do the clearing under the statute, Kirby's Digest, § 6569, and was liable in damages for the injury caused by its wrongful acts. See authorities *supra.*

Third. It is conceded by appellee here that the work of which complaint was made was that of an independent contractor. But appellee contends that the work was necessarily injurious to the property of appellee, and that appellant at the time its right of way was cleared was engaged in a wrongful act, and was therefore liable to appellee for the injury done its property. As we have shown, that was the theory upon which the cause was submitted to the jury. There was no prejudicial error in instructions, and the verdict was sustained by the evidence.

Affirmed.