TAYLOR *v*. STEADMAN.

Opinion delivered April 26, 1920.

1. WATERS AND WATERCOURSES—DIVERSION OF FLOW OF STREAM.— Evidence held to sustain a finding that in times of excessive rains the water of a stream was diverted from its channel, inflicting injury on plaintiff's land.

2. WATERS AND WATERCOURSES—DIVERSION—DAMAGES.—A land owner who sustains injury by reason of the diversion of a natural watercourse is entitled to recover damages from the person who caused it.

3. WATERS AND WATERCOURSES—DIVERSION OF STREAM—INSTRUCTION. In an action for flooding land by diversion of a natural stream, a requested instruction that if the overflowing of the water from the creek was caused by excessive rains, and defendant did no more than was necessary to divert the water from his own land he was not liable, was properly refused as ignoring the real issue as to whether the injury resulted from the diversion of the waters of a natural watercourse.

4. DAMAGES — MITIGATION.—In an action for flooding lands by obstructing a watercourse, it was proper to refuse an instruction as to whether plaintiffs could have avoided the injury by levying their lands, where the only evidence thereon showed that it was not practicable because it involved extraordinary expense.

Appeal from Lawrence Circuit Court, Western District; *Dene H. Coleman*, Judge; affirmed.

*Smith & Gibson*, for appellant.

1. Instruction No. 1, asked by defendant, should have been given. 66 Ark. 271; 36 *Id.* 463; 95 *Id.* 345-349.

2. Instruction 3 should have been given also, and instruction No. 2 given for defendant was error. The instructions are conflicting and contradictory. Appellant did no more than he had a right to do under the law when he erected the dams and placed his fences on his own land for the purpose only of combatting the common enemy of the surface water accumulated from the excessive rains.

*A. S. Irby*, for appellees.

The court correctly refused the instructions asked by appellant 1, 2 and 3. 66 Ark. 271; 21 Iowa, 160. All questions of fact were properly submitted to the jury, and there is no error in the instructions.

McCULLOCH, C. J. Appellant and appellees are respectively the owners of farm lands in Lawrence County, situated on opposite sides of Machine Creek, a natural watercourse with well defined banks carrying a considerable volume of water, varying, from time to time, according to the amount of rainfall.

It is alleged and proved in this case that appellant, at different times, built three separate dams on his side of the creek which materially obstructed the flow of water in the creek and caused the water to wear away an embankment on appellee's side of the creek; and that the water was thus diverted and caused to flow over the lands of appellees, inflicting serious and substantial damage. It is alleged that about forty acres of the land of appellees were ruined by the flow of water over it, and that appellees suffered damages in the sum of $1,500 on account thereof.

Appellant denied that the building of the dams caused a diversion of the waters of Machine Creek or that the lands of appellees were injured thereby, and he also

pleaded the statute of limitations in bar of appellees' right to recover.

There was a trial of the issues before a jury, which resulted in a verdict and judgment in favor of appellees, awarding damages in the sum of four hundred fifty dollars. There was sufficient evidence to sustain the verdict.

Appellant does not deny that he built the dams, but his contention is that this did not cause a diversion of water from the creek, but, on the contrary, the flow of water over the lands of appellees was caused by excessive rains. These were questions of fact for the determination of the jury, and we think the findings of the jury were supported by sufficient evidence.

Witnesses testified that appellant, at different times, built three separate dams, and that one of them narrowed the channel of the creek to a space of about eight feet, opposite an embankment on the other side of the creek which was washed away on account of the narrowing of the channel. Of course, the volume of water flowing down the creek depended upon the amount of rainfall, but the evidence tends to show that in times of excessive rains the water, instead of being rapidly carried off down the channel, was diverted in its course and forced to flow over the land of appellees. The jury might have so found from the evidence. This being true, a right of action arose in favor of appellees on account of the wrongful act of appellant in diverting the natural course of the water.

It is too well settled for controversy that the owner of lands abutting on a stream is entitled to have the flow of waters in the stream to follow its natural and accustomed course without obstruction, and that any act which causes a diversion of such natural flow of water and inflicts injury creates a right of action. In other words, a land owner who sustains injury by reason of the diversion of a natural watercourse is entitled to recover damages against the one who caused it. *St. L., I. M. & S. Ry. Co.* v. *Magness,* 93 Ark. 46; *St. L. S. W. Ry. Co.* v. *Mackey,* 95 Ark. 297; *Taylor* v. *Rudy,* 99 Ark. 128; *Boone* v. *Wil-*

*son,* 125 Ark. 364. These issues were, we think, correctly submitted to the jury on instructions which were as favorable as appellant had a right to expect.

Appellant complains of the refusal of the court to give his instruction No. 1, which in substance told the jury if the overflowing of the water from the creek was caused by excessive rains and he did nothing more than was necessary to divert the water from his own land he was not liable for the injury inflicted. This instruction ignored the real point of the case, as to whether or not a diversion of the water was caused by obstructing the channel of the creek.

Counsel for appellant rely upon the case of *Baker* v. *Allen,* 66 Ark. 271, which justifies the giving of such an instruction as appellant asked in a case involving injury inflicted by the obstruction of mere surface water, but there is a marked difference between that case and the present one, in that that was a case where injury resulted from the obstruction of the flow of surface water, whereas the injury in the present case resulted from the diversion of the waters of a natural watercourse. Counsel also rely on the case of *McCoy* v. *Plum Bayou Levee District,* 95 Ark. 345, as sustaining their contention that there was no liability, but that case is altogether different from the present one. The injury in that case arose from the building of a levee to prevent the overflow of waters from the Arkansas River, and it was decided that a group of land owners might, through a public agency or otherwise, build a levee to prevent the overflow of waters from a stream without incurring liability to those who sustained injury by the raising of the waters of the stream. In that case the land owners did not obstruct the flow of waters in the stream, but merely built a levee to protect their own lands from the overflow. In the present case, the charge is that appellant built a dam out into the stream and narrowed the channel so as to obstruct the natural flow of water.

It is contended also that the court erred in refusing to give an instruction submitting the question whether or

not appellees could have avoided the injury by the erection of dams to turn the water from their own property. There was no evidence to justify such an instruction, for the only witness who testified on that subject said that it would have been necessary to build a levee the full length of appellees' land, which was not practicable.

The rule requiring an injured party to resort to means to mitigate his damage only applies to instances where the injury may be avoided or mitigated by reasonable effort or expense. And the evidence does not show in this case that the injury could have been avoided without extraordinary expense and effort.

Upon the whole we are convinced that this case was properly tried, and the record is free of any prejudicial error, so the judgment is, therefore, affirmed.