STOUT LUMBER COMPANY *v.* REYNOLDS.

Opinion delivered January 9, 1928.

1.  MASTER AND SERVANT—ACTS OF INDEPENDENT CONTRACTOR.—Evidence *held* to sustain the liability of a timber owner for obstructing a creek by waste from timber cut, and permitting the obstruction to continue, where there was substantial testimony that the performance of the work of cutting the timber by an independent contractor would necessarily or probably obstruct the creek.

2.  MASTER AND SERVANT—LIABILITY FOR INDEPENDENT CONTRACTOR'S ACTS.—The test of liability for the acts of an independent contractor is whether such acts naturally endangered the property of another, if carefully performed.

3.  WATERS AND WATERCOURSES—INSTRUCTION AS TO OBSTRUCTING CREEK.—In an action by a landowner against a timber owner for obstructing a creek and flooding plaintiff's land, an instruction that defendant had the duty to fell the trees so as not to obstruct the flow of waters was properly modified by inserting "natural" before the expression of "flow of waters" and refusal to modify by inserting the word "unreasonably" before "obstructing" was not error.

4.  MASTER AND SERVANT—ACTS OF INDEPENDENT CONTRACTOR—LIABILITY.—A timber owner is liable for the acts of an independent contractor where their natural and probable consequences would be to obstruct a creek and thereby flood plaintiff's land, but in that case the timber owner would be liable for all damages inflicted, although the amount thereof was increased by the independent contractor's negligence.

5.  MASTER AND SERVANT—ACTS OF INDEPENDENT CONTRACTOR—INSTRUCTION.—In an action against a timber owner for obstructing a stream causing plaintiff's land to overflow, where defendant contended that the damage, if any, was done by an independent contractor, but plaintiff contended that the damage was the natural result of employment of the independent contractor to cut timber, an instruction that defendant was not liable unless the damage was occasioned by the acts of defendant's servants and employees was properly refused.

6.  MASTER AND SERVANT—LIABILITY FOR ACTS OF INDEPENDENT CONTRACTOR—INSTRUCTION.—In an action against a timber owner for obstructing a stream, causing plaintiff's land to flood, in which plaintiff's theory was that, even if the obstruction was caused by the acts of an independent contractor by reason of the fact that the acts which the independent contractor was employed to do necessarily resulted in the damage, it was proper

to refuse an instruction to find for defendant unless the work of cutting and felling trees and obstructing the stream was not done by an independent contractor.

Appeal from Dallas Circuit Court; *Turner Butler,* Judge; affirmed.

*S. F. Morton,* for appellant.

*J. T. Richardson,* for appellee.

SMITH, J.    Appellee owns a quarter section of land, of which about fifty acres are in cultivation, and through which Freo Creek, a stream having well defined banks, runs.    Appellant owns a large body of timber land south of and adjacent to appellee's tract, and on April 1, 1924, appellant entered into a contract with one P. C. Cottrell to cut and remove the merchantable timber from 840 acres of its land for an agreed price per thousand feet.    The contract required Cottrell to cut the trees so that no stumps would be left higher than 18 inches from the ground and to cut the logs to lengths specified by appellant's foreman.    Appellant reserved the right to terminate the contract at any time upon five days' notice to Cottrell.

The banks of the creek were heavily timbered, and, in cutting these trees, tops and portions of the trees fell into the creek at various places and dammed it up, so that appellee's land was overflowed and damaged.    Appellee testified that, while the cutting was in progress, he called the attention of appellant's woods foreman to the fact that the creek was being obstructed, but the foreman stated that this was unavoidable, if the trees were all cut.

Appellee sued for and recovered judgment for damages to compensate the injury thus occasioned, and this appeal has been prosecuted from that judgment.

In the case of *Taylor* v. *Steadman,* 143 Ark. 486, 220 S. W. 821, it was said that:

"It is too well settled for controversy that the owner of the lands abutting on a stream is entitled to have the flow of waters in the stream to follow its natural and accustomed course without obstruction, and that any act which causes a diversion of such natural flow of water

and inflicts injury creates a right of action. In other words, a landowner who sustains injury by reason of the diversion of a natural watercourse is entitled to recover damages against the one who caused it."

Appellant does not question this statement of the law, but contends that the overflow of appellee's land was not caused by felling trees, but, if so, that it was not responsible therefor, for the reason that such action was the act of an independent contractor.

Instructions numbered 1 and 2, given at the request of appellee and over the objection and exception of appellant, present the theory upon which appellee recovered damages. These instructions read as follows:

"1. The court instructs the jury that it was the duty of the defendant to so cut and fell its trees as not to (unreasonably) obstruct the (natural) flow of the waters in Freo Creek; and, if you believe from a preponderance of the evidence in this case that the defendant company caused to or cut or allowed trees and tops of trees which fell into the creek running through plaintiff's farm, which obstructed the flow of the water of said creek, and that the overflow or volume of water running over plaintiff's land in times of overflow or heavy rains was thereby increased, and that the plaintiff's property has been damaged on account of said increased overflow, then your verdict should be for the plaintiff for such a sum as you believe from the evidence he has been damaged, although the actual work of cutting the trees was done by an independent contractor, if the obstruction was the necessary or probable consequence of the work.

"2. The court instructs the jury that, although you may believe from the evidence the damages or injuries in this case was done or caused to be done by independent contractors employed by the defendant, still the defendant would be liable for any damages done the plaintiff, if, as a natural or probable consequence of the work they were employed to do, trees and tops of trees fell into the creek draining plaintiff's farm, and that he was damaged thereby, although the negligence of the contractor

may have increased the injury and enhanced the damages."

Without reviewing the conflicting testimony, it may be said that the testimony offered on behalf of appellee is legally sufficient to support the finding that appellee's lands were damaged by reason of cutting the trees so that portions thereof fell into the creek and obstructed the natural flow of the water therein.

The principal question of fact in the case is whether the contract was one the proper performance of which would necessarily or probably result in obstructing the creek. The testimony on this subject is conflicting, but that on the part of appellee is to the effect that the attention of appellant's woods foreman was called to the fact that the creek was being obstructed, and that this continued after the foreman had been so advised, and that the foreman had said all the trees along the creek bank could not be cut without portions of some of them falling into the creek. Having found the fact so to be, the jury was warranted in returning a verdict against appellant, although the work was done by an independent contractor.

The test of liability for the acts of an independent contractor was announced in the case of *St. Louis, I. M. & So. Ry. Co.* v. *Yonley,* 53 Ark. 503, 14 S. W. 800, 9 L. R. A. 604, where it was said: "The right of recovery depends upon the inherent character of the act done—whether it naturally endangered the property of appellee, if carefully performed."

The instructions quoted required the finding that the obstruction was a necessary or probable consequence of the work which the contractor was to perform under his contract, and the testimony is sufficient, as we have said, to support the finding that it was the necessary or probable consequence of the work called for by the contract.

No error was committed in modifying and in refusing to modify instruction numbered 1 as requested by appellant. This request was that the words "unreason-

ably" and "natural," inclosed in the parentheses in instruction numbered 1 set out above, be inserted. The court refused to insert the word "unreasonably," but did insert the word "natural," and the instruction as given contained the word "natural," but did not contain the word "unreasonably."

The doctrine of the case of *Taylor* v. *Steadman, supra,* from which we have quoted, is that one may not obstruct the natural flow of water in a defined stream to another's damage without being liable for that damage, and the measure of the liability would be the extent to which the flow of the stream was obstructed and the damage occasioned thereby.

It is earnestly insisted that instruction numbered 2 is erroneous in that it makes appellant liable for the increase of the damage occasioned by the negligence of an independent contractor, and that in no event should appellant be held liable for any greater damage than would have resulted, had the independent contractor not been negligent in the performance of his contract.

As we interpret the instructions, they told the jury that appellant would not be liable at all unless the work contracted for was of such a character as that the natural or probable consequence of its performance would inflict injury; but, if this were true, appellant was liable for all damages inflicted, although the amount of the damage was increased by the negligence of the independent contractor.

The law was so declared in the case of *White River Ry. Co.* v. *Batesville & W. Telephone Co.,* 81 Ark. 195, 98 S. W. 721, where it was said:

"The appellant, of course, was not liable for any injury caused solely by the negligence of its independent subcontractor or his employees, or for any increased damages which their negligence might have occasioned. But it was liable for injuries which must have resulted from the prosecution of the work, although the negligence of the independent subcontractor may have increased the injury and enhanced the damages."

The court gave all the instructions requested by appellant, except one for a directed verdict in its favor, and instructions numbered 4 and 5, which last-mentioned instructions read as follows:

"4. You are instructed that the burden is on the plaintiff to prove by a fair preponderance of the evidence that the damage to plaintiff's farm and lands, if any, was caused by the acts of defendant's servants and employees in negligently and carelessly causing trees and the tops of trees to fall into Freo Creek below said farm and lands and to obstruct and divert the natural flow of said creek, and, if you find from the evidence that the damage to plaintiff's farm and lands, if any, resulted from some other cause or causes, you will find for the defendant.

"5. An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer, except as to the result of his work. And, even though you may find from the evidence that the natural flow of Freo Creek was obstructed by the felling of trees and the tops of trees in it below plaintiff's farm, causing said creek to overflow its banks and wash and otherwise damage plaintiff's farm and lands, you will find for the defendant, unless you further find from a fair preponderance of the evidence that the work of cutting and felling said trees and obstructing the natural flow of water in said creek was not done by an independent contractor."

Instruction numbered 4 was properly refused because it required the jury to find, before returning a verdict for appellee, that the damage was occasioned "by the acts of defendant's servants and employees," and to return a verdict for defendant if the damage resulted from some other cause or causes.

Appellant's principal defense is that the damage, if any, was done by an independent contractor under a contract the proper performance of which would have occasioned no damage, yet instruction numbered 4 required

the finding that the damage "was caused by acts of defendant's servants and employees," thus eliminating liability if the damage was caused by an independent contractor.

As we have said, it was appellee's theory that appellant was liable, although the damage was caused by an independent contractor, but instruction numbered 4 ignores that theory and requires the finding that the damage was done by a servant or an employee. The instruction was properly refused for this reason.

Instruction numbered 5 is somewhat obscure, but it appears to convey the same idea as was expressed in instruction numbered 4, and fails to take account of the conditions under which one may be held liable for the acts of an independent contractor as is herein stated.

There appears to be no error in the record; and, as the testimony is legally sufficient to support the judgment, it must be affirmed, and it is so ordered.