605 P.2d 1154

**Ralph A. GUTIERREZ, Mary S. Gutierrez, his wife, and Ruth H. Lucero, aka Aline Lucero, Petitioners,**

v.

**RIO RANCHO ESTATES, INC. and Amrep Construction Corporation, Respondents.**

**No. 12502.**

Supreme Court of New Mexico.

Jan. 28, 1980.

Mercer & McCash, Joseph H. Mercer, Albuquerque, for petitioners.

Jerrald J. Roehl, Richard A. Winterbottom, Albuquerque, for respondents.

## OPINION

FEDERICI, Justice.

Petitioners-Gutierrez are the owners of land which lies adjacent to and below the development of Rio Rancho Estates, the property of respondents—Rio Rancho Estates, Inc. Respondents constructed retention dams and drainage facilities from which water is discharged onto petitioners' land, resulting in periodic flooding and silting on petitioners' property. Among the court's instructions to the jury were the following:

7. An upstream or adjacent landowner has a duty to the lower and downstream landowner not to collect in an artificial channel or reservoir or pond, surface water and discharge it upon his neighbor's land to his injury in a different manner from that which it would naturally flow, if not interferred with, or to cast it in a greater volume or permit it to escape thereon in a more injurious way.

8. If you find that the Defendants have collected surface water in an artificial channel and allowed it to flow in increased quantities on the land of Plaintiff in a manner different from which it would naturally flow, then the Defendants are *strictly liable even in the absence of negligence.* (Emphasis added.)

The jury returned a verdict for the petitioners. Respondents appealed and the Court of Appeals reversed. The case is before us on a writ of certiorari filed by petitioners. Although we agree with the Court of Appeals that the trial court should be reversed, we do not agree with the reasoning applied by the majority and deem an opinion necessary.

The question before us is whether the trial court erred in submitting to the jury an instruction on strict liability. We hold that the trial court erred. The applicable case law governing the question before us is set forth in *Little v. Price*, 74 N.M. 626, 397 P.2d 15 (1964); *Martinez v. Cook*, 56 N.M. 343, 244 P.2d 134 (1952); *Rix v. Town of Alamogordo*, 42 N.M. 325, 77 P.2d 765

(1938); *Groff v. Circle K Corporation*, 86 N.M. 531, 525 P.2d 891 (Ct.App.1974).

In *Little*, this Court quoted the following language with approval from *Canon City & C.C.R. Co. v. Oxtoby*, 45 Colo. 214, 100 P. 1127 (1908):

> " * * * In our view of the facts, however, we do not think it makes any difference which rule is to be followed; for whether the relative rights of adjacent landowners as to surface waters is to be determined by the civil-law, or the common-law, or the so-called modified rule, under neither has one owner the right to collect in an artificial channel, or reservoir, or pond, surface water, and discharge it upon his neighbor's lands to his injury, in a different manner from that in which it would naturally flow, if not interfered with, or to cast it in a greater volume, or permit it to escape, thereon in a more injurious way, either upon the surface, or under the surface, by the natural law of percolation."

74 N.M. at 640, 397 P.2d at 25.

As we interpret the law set forth in the above cases, the legal principle applicable to the issue involved is not "ordinary negligence" nor "strict liability" nor "res ipsa loquitur." Instead, under the above authorities, once the plaintiff proves the elements of liability stated by the rule, no more is required, and plaintiff will have established that the defendant's activity constitutes negligence. The burden then shifts to defendant, in order to avoid liability, to plead and prove any defense which would have been applicable in any ordinary negligence case.

Some states apply the doctrine of "strict liability" to the impounding of waters in artificial channels or reservoirs under the doctrine of "abnormally dangerous activity," formerly denominated as "ultrahazardous activity." Restatement (Second) of Torts §§ 519, et seq. (Tent. Draft No. 10, 1964).

The doctrine of strict liability has been followed in many jurisdictions where water is stored in large quantities in a dangerous location in cities. On the other hand, the doctrine has not been followed in many jurisdictions where water is stored in rural areas. Restatement (Second) of Torts, Note to the Institute § 520, comment 3 at 58 (Tent. Draft No. 10, 1964).

N.M.U.J.I. Civ. 16.1, N.M.S.A.1978, provides an instruction on "ultrahazardous activities" and strict or absolute liability. It is restricted to the "use of explosives." The Committee Comment under this instruction reads:

> The rule of absolute liability stated in the foregoing instruction is proper under the case of *Thigpen v. Skousen & Hise*, 64 N.M. 290, 327 P.2d 802 (1934). There are no New Mexico cases on ultrahazardous activities other than blasting and, therefore, the instruction is limited to blasting situations.

We are not at this time prepared to extend the doctrine of strict liability to all impounded waters, and prefer to reaffirm and follow the principle announced in *Little, Martinez, Rix* and *Groff, supra*, as interpreted above in this opinion.

The trial court erred in giving a strict liability instruction. The trial court is reversed, and the cause remanded for a new trial consistent with the views expressed in this opinion.

IT IS SO ORDERED.

SOSA, C. J., and EASLEY, PAYNE and FELTER, JJ., concur.