637 P.2d 547

**John BUDAGHER and Frances D. Budagher, Petitioners,**

v.

**AMREP CORPORATION, d/b/a Rio Rancho Estates, Inc., Respondent.**

**No. 13587.**

Supreme Court of New Mexico.

Nov. 19, 1981.

Rehearing Denied Dec. 18, 1981.

Rebecca S. Sitterly, Ronald C. Morgan, Albuquerque, for petitioners.

Jerrald J. Roehl, Albuquerque, for respondent.

## OPINION

SOSA, Senior Justice.

The issue before this Court on certiorari is whether appellants (the Budaghers) sufficiently alerted the trial court to the error in the court's instructions concerning the nonliability of appellee (Amrep) for the negligence of an independent contractor in designing and constructing a water dam.

The parties own adjoining property in Sandoval County. Amrep's property is located on a mesa above the Budaghers' property. Amrep graded the mesa during its development into a residential area. An expert testified that in 1972 this grading caused a runoff of the surface water from the mesa onto the area below, cutting arroyos where none had existed. As a result, Gordon Herkenhoff and Associates, a private engineering firm, was hired by Amrep to prepare a final report for the construction of three dams and drainage culverts on the edge of the mesa. In 1973, three dams were built for the purpose of collecting the runoff and discharging it down the natural watercourses at the same rate and volume as discharged prior to grading.

That same year, the Budaghers began construction of their home below the mesa. In 1974 and 1975, heavy rainstorms occurred and the Budaghers' house and two lots were flooded. They brought suit against Amrep alleging that the damage to their property resulted from the "faulty design, location and construction" of Amrep's culverts. Amrep answered alleging as one defense that the damage to the Budaghers' property was due to the negligence of an independent contractor, for whose negligence Amrep, as the employer, was not liable.

The trial court gave, over the Budaghers' objection, several instructions relating to the general rule that employers are not liable for the negligent acts of their independent contractors. The jury returned a verdict in favor of Amrep.

On appeal, the Budaghers claimed error in the giving of the instructions on independent contractors. The Court of Appeals (Andrews, J., dissenting) affirmed the trial court, holding that the Budaghers failed to sufficiently alert the trial judge to the problem with the instruction. We granted certiorari and reverse the decision of the Court of Appeals and remand this cause for a new trial.

The focus of this appeal is the sufficiency of the Budaghers' objection to Instruction No. 6, which reads:

Defendant claims that Gordon Herkenhoff and Associates, Inc. was an independent contractor.

The term "master and servant" indicates a relationship which exists when one person who employs another to do certain work has the right of control over the performance of the work to the extent of prescribing the manner of [sic] which it is to be executed. The employer is the master and the person employed is the servant. Master is synonymous with employer and servant is synonymous with employee.

An independent contractor is one who undertakes a specific job where the person who engages him does not have the right to control the manner in which details of the work are to be accomplished.

The master is liable to third persons for the negligence of his servant if the servant is acting within the scope of his employment at the time and place of the occurrence. But one who employs an independent contractor is not liable to others for the negligence of the contractor.

The Budaghers' objection to this instruction was twofold: (1) there was insufficient evidence to establish Herkenhoff as an independent contractor and (2) the instruction itself was inconsistent with the duty of a

landowner. Amrep argues that these objections were insufficient to alert the trial judge to any error in the instruction.

█ In order for a party to preserve error to a given instruction, he must either tender a correct instruction and alert the mind of the trial court to the fact that the tendered instruction corrects the defect complained of, or point out the specific vice in the instruction given by proper objection. *Zamora v. Smalley*, 68 N.M. 45, 358 P.2d 362 (1961). It has been held that the mere assertion that the given instruction is not an accurate statement of the law is insufficient to alert the mind of the trial judge to the claimed vice of the instruction. *See Morris v. Dodge Country, Inc.*, 85 N.M. 491, 513 P.2d 1273 (Ct.App.), *cert. denied*, 85 N.M. 483, 513 P.2d 1265 (1973); *McBee v. Atchison, Topeka and Santa Fe Railway Co.*, 80 N.M. 468, 457 P.2d 987 (Ct.App. 1969).

█ We find that the requirements set forth in *Zamora, supra*, were satisfied by the Budaghers in the case at bar. It is clear that their statement that Instruction No. 6 was "inconsistent with the duty of a landowner" is not a mere assertion that the given instruction is not the law, but rather it specifically states the vice complained of. In addition to this specific objection, they tendered the following instruction which accurately states the duty of the landowner in this particular situation:

> The possessor of land is answerable for the negligent failure of an independent contractor to put or maintain buildings and structures thereon in reasonably safe condition; this includes the inadequate design by the independent contractor of the building or structures.

This tendered instruction alerted the trial judge to the liability of a landowner under these facts and circumstances. An analysis of the general rules governing surface waters and the exceptions to the independent contractor rule may serve to clarify this issue.

█ New Mexico has adopted the civil law governing surface waters. *Martinez v. Cook*, 56 N.M. 343, 244 P.2d 134 (1952). Under this rule, a landowner does not have the right to collect surface water in an artificial channel and discharge it upon his neighbor's lands to his injury, in a different manner or in a greater volume or at a greater rate than it would have flowed naturally. *Little v. Price*, 74 N.M. 626, 397 P.2d 15 (1964); *Rix v. Town of Alamogordo*, 42 N.M. 325, 77 P.2d 765 (1938); *Groff v. Circle K. Corporation*, 86 N.M. 531, 525 P.2d 891 (Ct.App.1974).

The rule was reaffirmed recently in *Gutierrez v. Rio Rancho Estates, Inc.*, 93 N.M. 755, 605 P.2d 1154 (1980). This Court went on to state that

> once the plaintiff proves the elements of liability stated by the rule, no more is required, and plaintiff will have established that the defendant's activity constitutes negligence. The burden then shifts to defendant, in order to avoid liability, to plead and prove any defense which would have been applicable in any ordinary negligence case.

*Id.* at 757, 605 P.2d at 1156.

█ The next issue, then, is the availability of the defense of independent contractor which would insulate the landowner from liability for the negligent design, location and construction of the dams and culverts under the rule of *Gutierrez, supra*. We hold that a landowner cannot hide behind an independent contractor where the landowner causes the dam to be built upon his property which alters the natural flow or volume of surface waters in such a way as to injure adjoining landowners.

█ While it is a general rule that an employer is not liable for the negligence of an independent contractor, the rule is subject to numerous exceptions. *Srader v. Pecos Construction Company*, 71 N.M. 320, 378 P.2d 364 (1963); Restatement (Second) of Torts §§ 409–429 (1965). One exception is that one who employs an independent contractor to do work, which the employer should recognize as likely to create a peculiar risk of harm to others unless special precautions are taken, is subject to liability for the failure of the contractor to exercise

reasonable care in taking the precautions. Restatement, *supra* § 416. It has been held that an employer who contracted to have a dam built across a river was liable where plaintiff's property was flooded when the dam broke during heavy rains because the injury was "one that might have been anticipated as a direct or probable consequence of the performance of the work contracted for, if reasonable care is omitted in the course of its performance." *Trump v. Bluefield Waterworks & Improvement Co.*, 99 W.Va. 425, 129 S.E. 309, 311 (1925). In *Taylor v. Conti*, 149 Conn. 174, 177 A.2d 670 (1962), the Connecticut Supreme Court of Errors, applying this exception to a situation very similar to the one before us, found a landowner liable, in spite of his defense of an independent contractor, where the development of this property into building lots altered the natural flow of surface waters causing damage to plaintiff's property. The exception is applicable to the case at bar since the construction of the dams by Amrep created a peculiar risk of harm (*i.e.*, flooding) to Budaghers' property which might have been anticipated as a direct or probable consequence of the construction of the dams, had reasonable care been omitted.

Another exception to the general rule is that one who employs an independent contractor to do work involving a special danger to others, which the employer knows or has reason to know is inherent in or normal to the work, will be liable for harm caused by the contractor's failure to take reasonable precautions against such danger. Restatement, *supra* § 427. This exception has also been applied to situations involving the obstruction of surface waters.

> [I]t is equally well-settled law that if the work contracted to be done is of itself hazardous or will, in its progress, however skillfully done, be necessarily or intrinsically dangerous, or liable to result in injury to another, or if the law imposes on the master or owner the duty to keep the subject of the work in a safe condition, the owner . . . is liable, the same as if he performs it himself. [Citations omitted.]

*Southern Ry. Co. v. Lewis*, 165 Ala. 555, 51 So. 746, 748 (1910). The court in *Lewis* adopted the civil law rule governing surface waters and held an owner of land liable for flood damages when his contractor changed the natural flow of surface waters by excavation and diverted them onto his neighbor's land.

■ The rationale for the exceptions to the rule of independent contractors has been expressed in *Snyder v. Southern California Edison Co.*, 44 Cal.2d 793, 285 P.2d 912, 916 (1955) (quoting Harper, Law of Torts § 292 (1933)).

> The policy of allocating to the general entrepreneur the risks incident to his activity is obvious when the activity carries with it extraordinary hazards to third persons . . . . [T]he principle may be generalized that one who employs an independent contractor to perform work which is either extra-hazardous unless special precautions are taken or which is inherently dangerous in any event is liable for negligence on the part of the independent contractor or his servants in the improper performance of the work or for their negligent failure to take the necessary precautions. *This broad principle has been applied . . . to the construction of a dam . . . .* [Emphasis added.]

The same court also recognized that "the possessor of land is answerable for the negligent failure of an independent contractor to put or maintain buildings and structures thereon in reasonable safe condition." *Snyder* at 914 (quoting *Knell v. Morris*, 39 Cal.2d 450, 456, 247 P.2d 352, 355 (1952)). This rule was the basis for the Budaghers' proposed instruction, and it clearly applies in the present case. An employee of the Soil Conservation Service (SCS) testified that SCS had disapproved the design of Amrep's dams because of the probability that, if the structures failed, there could be loss of life below the dams. Thus, Amrep was placed on notice that the work contracted for involved an inherent danger to others, and therefore, the tendered instruction by the Budaghers was proper.

■ Finally, another exception which applies to the present case is that one who employs an independent contractor to do work, which the employer knows or has reason to know is likely to involve a trespass upon the land of another or to create a public or private nuisance, will be liable for harm resulting from the trespass or nuisance. Restatement, *supra* § 427B. This exception also applies to the construction of a dam. *Id.*, Comment b, Illustration 1. The obstruction and diversion of the natural flow of surface waters which causes injury to another's lands has been held to be a private nuisance; no express averment or proof of negligence is required. *Barber Pure Milk Company v. Young*, 263 Ala. 100, 81 So.2d 328 (1955). It has also been held to be a trespass. *Rix, supra; Cf. Stout Lumber Co. v. Reynolds*, 175 Ark. 988, 1 S.W.2d 77 (1928) (where an employer was held liable for all damage caused by his independent contractor who cut trees along a creek, causing the tree tops to fall and obstruct the natural flow of the creek thereby flooding plaintiff's property).

In all of the above exceptions, the landowner has a nondelegable duty to refrain from artificially obstructing or diverting the natural flow of surface waters so as to cause it to flow in a different volume or at a different rate than it would have flowed but for the artificial channels. *See* Annot., 23 A.L.R. 984 (1923); Annot., 23 A.L.R. 1016 (1923); Annot., 23 A.L.R. 1084 (1923); 2 F. Harper and F. James, The Law of Torts § 26.11 (1956).

> One who owes ... an absolute and positive duty to the public or an individual cannot escape the responsibility ... by delegating it to an independent contractor ... whether [the duty] is imposed by the common law, by statute, or by municipal ordinance ....

*Pendergrass v. Lovelace*, 57 N.M. 661, 663, 262 P.2d 231, 232 (1953) (quoting 57 C.J.S., *Master and Servant* § 591(a) (1948)); *Snyder, supra.*

■ Based upon the above discussion, we interpret *Gutierrez, supra*, to mean that a landowner has a nondelegable duty toward adjoining landowners with reference to surface waters. It stands to reason that the landowner, for whose benefit the dam and artificial channels were constructed, must bear the risk of harm, rather than letting it fall upon the independent contractor. Once the plaintiff proves that the landowner artificially collected surface water and discharged it in a different manner than was natural, or in a greater volume or at a greater rate than normal, upon plaintiff's land, to plaintiff's injury, defendant's negligence is established. The burden then shifts to the defendant to prove an adequate defense (*e.g.*, contributory negligence [1] or comparative negligence). *Gutierrez, supra.* The defense of Act of God is more properly analyzed under proximate cause. *See Rix, supra.*

Viewing the instructions as a whole, *Roybal v. Lewis*, 79 N.M. 227, 441 P.2d 756 (1968), it cannot be said that the Budaghers' objection and tender of instruction failed to sufficiently alert the trial judge to the claimed error in the given instruction. Indeed, under the *Gutierrez* rule, an independent contractor instruction is inappropriate absent instructions concerning the applicable exceptions discussed herein. Once the judge accepted Amrep's defense of independent contractor, he should have realized that the exceptions to the general rule of independent contractors was applicable.

We reverse the Court of Appeals and remand this case for a new trial consistent with this opinion.

IT IS SO ORDERED.

PAYNE and FEDERICI, JJ., concur.

EASLEY, C. J., respectfully dissenting.

RIORDAN, J., not participating.

---

1. This defense is no longer available in New Mexico since the adoption of the doctrine of comparative negligence. *Claymore v. City of*

*Albuquerque*, 634 P.2d 1234 (Ct.App.), *aff'd per curiam sub nom., Scott v. Rizzo*, 634 P.2d 1234 (1981).