Argued December 17, 1912; decided January 14, 1913.

## MORGAN v. BROSS.

(129 Pac. 118.)

**Appeal and Error—Harmless Error—Questions to Witness.**

1. Error in a personal injury case in overruling an objection to a question calling for remarks which were made by by-standers and not part of the res gestæ is harmless where the witness replies that he does not remember any such remarks.

**Damages—Evidence—Extent of Injury—Complaint.**

2. Where the complaint in a personal injury case charged that the injury permanently impaired plaintiff's hearing on the left side, the testimony of a doctor that hearing on that side was not totally destroyed was properly admitted, since it tended to establish the allegation of the pleading though it did not go to the same extent.

**Negligence—Liability of Contractor—Falling of Material.**

3. Where a contractor for a building neglected to provide a temporary floor to protect persons working beneath, as required by Laws 1911, p. 16, Section 1, and a city ordinance, and a plumber was injured from a falling brick, the contractor was liable, regardless of how the brick happened to fall.

**Negligence—Liability of Contractor—Falling Material.**

4. The contractor could not in such case escape liability by showing that a carpenter had agreed to construct the temporary floor.

**Appeal and Error—Harmless Error—Improper Question—Answer Not Responsive.**

5. Where an answer to an improper question is not responsive, error in overruling an objection to the question is harmless.

**Negligence—Violation of Ordinance—Temporary Floor.**

6. The violation of a city ordinance requiring the laying of temporary floors in buildings under construction is negligence per se.

**Appeal and Error—Harmless Error—Instruction—Ground for Reversal.**

7. Under Article VII, Section 3, of the constitution, providing that, if the Supreme Court shall find that a judgment is such as should have been rendered, they shall affirm, notwithstanding any error below, the giving of an instruction, in a personal injury case, that, if plaintiff was not guilty of contributory negligence, the jury should award him the "full amount of damages" sustained by reason of the hurt was not reversible error where a consideration of the whole testimony and the instructions as preserved in the record and of the verdict, showed that the jury must have understood the quoted phrase to mean the pecuniary loss sustained and not the loss claimed.

From Multnomah: HENRY E. McGINN, Judge.

Statement by MR. JUSTICE MOORE.

This is an action by A. R. Morgan against Albert Bross to recover damages for a personal injury.

The complaint charges generally that the defendant is a contractor and as such was, on March 9, 1911, erecting in Portland the walls of a brick building which had been extended to the fourth story without constructing any temporary floors to protect life and limb of the workmen, as required by and in violation of ordinance No. 21455 of that city, entitled, enacted, approved, and taking effect as alleged; that the plaintiff is a plumber and at the time stated was installing in the building pipes, which labor required him to be about the first floor immediately beneath where the defendant and his servants were then working; that, well knowing the plaintiff to be in such place and that it was dangerous, the defendant wrongfully and carelessly dropped a brick which, falling, struck the plaintiff's forehead, causing a deep wound, shocking his nerves and permanently impairing his hearing on the left side, to his damage, general and special, in the sum of $4,125, for which judgment was demanded.

The answer denied the material averments of the complaint, and for further defense alleged, in effect, that well knowing the defendant and his employes were working on the wall of the fourth story, and having been warned not to go beneath them, the plaintiff disobeyed such admonition and negligently went under the place where such work was in progress, when he was struck by something and hurt, which injury resulted from his negligence, and the place he occupied was a risk which he assumed.

The reply denied the allegation of new matter in the answer, and, the cause having been tried, resulted in a verdict and judgment for plaintiff in the sum of $1,000, and the defendant appeals.              AFFIRMED.

Sig. 3

For appellant there was a brief over the names of *Messrs. Rauch & Senn,* with an oral argument by *Mr. F. S. Senn.*

For respondent there was a brief with an oral argument by *Mr. G. G. Schmitt.*

MR. JUSTICE MOORE delivered the opinion of the court.

This action is based in part on an alleged breach of duty enjoined by an act, initiated by petition and ratified by a majority of the votes cast in favor of the·measure at an election held November 8, 1910. Laws Or. 1911, c. 3. Section 1 of that statute, as far as material herein, reads:

. "All owners, contractors, subcontractors, corporations or persons whatsoever, engaged in the construction * * of any building * * shall see that all * * floor openings and similar places of danger shall be inclosed; * * and generally, all owners, contractors, subcontractors and other persons having charge of, or responsible for, any work involving a risk or danger to the employes or the public, shall use every device, care, and precaution which it is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, * * and without regard to the additional cost of suitable material or safety appliance or devices."

Upon a conviction for a failure to comply with, or for a violation of, the provisions of such act, the person found guilty thereof is subject to a fine and imprisonment or both, which pecuniary punishment or ·forcible detention of his person does not affect or lessen his civil liability. Section 3. This action is also predicated in part upon ordinance No. 21455 of the City of Portland which makes it incumbent upon all owners, or their agents, of buildings in the course of construction to . provide temporary floors, built of scaffold planks laid close together, or with other suitable materials for the protection of life and limb of the workmen in such struc-

tures. In view of these enactments, the errors relied upon to secure a reversal of the judgment will be examined.

1. James Begg as plaintiff's witness, having testified that he was at the building when the casualty occurred, was permitted, over objection and exception, to be interrogated in chief as follows:

"Was there anything said immediately after the accident by any one which had reference to this particular accident?"

He replied:

"Not that I remember at all."

If it be assumed that an observation of a spectator with respect to the cause or effect of the injury was not so inseparably connected with the accident as to be a part of the *res gestae*, the answer given by the witness shows that no prejudice could have resulted to the defendant.

2. Dr. J. B. Roth was questioned as to the injury sustained by the plaintiff by reason of the accident as follows:

"You would say that the hearing in his left ear is totally destroyed?"

The witness rejoined:

"No, not totally destroyed."

After the answer was given, it was objected to on the ground that it was incompetent, irrelevant, and immaterial, but the objection was overruled and an exception allowed. It will be remembered that the complaint charged that the injury permanently impaired plaintiff's hearing on the left side. The answer of the witness, who was a specialist, did not go to the extent of the initiatory pleading, but it tended, in degree at least, to establish the allegation mentioned, and was therefore admissible.

3. It is maintained that the testimony offered by the plaintiff, when he first rested, was insufficient to be submitted to the jury, and, this being so, an error was committed on denying a motion for a judgment of nonsuit. It was admitted that the object causing the injury fell from some place immediately above that occupied by the plaintiff, but whether or not it was a brick dropped by the defendant or his workmen, or pushed off the scaffold on which they were standing, or dislodged from the top of the wall, it was impossible for plaintiff's witnesses to explain. As we view the law, the failure particularly to trace the cause of the injury beyond the mere falling of some object which produced a hurt was unimportant, for the enactments to which attention has been called imposed upon the defendant, as the contractor engaged in the construction of a building, the duty of providing a temporary floor composed of such material and laid in such a manner as to have prevented an accident of that kind.

4. It is contended that an error was committed in not permitting the defendant to introduce evidence to show that the person who had charge of the carpenter work on the building in which the accident happened had engaged to construct the temporary floors therein. The obligations to lay such coverings, in order to protect the life and limbs of persons employed in a building under construction, having been placed by the statute and ordinance referred to on a contractor, the defendant, who sustained that relation to the owner, could not escape liability for a neglect to comply with such requirements by showing that the carpenter had agreed to discharge that duty.

5. John Bross, as the defendant's witness, having testified on cross-examination that there was danger of material falling from the place where the bricklayers were working when the plaintiff was hurt, was asked:

"Well, if your men were careful, they would not drop any brick down there?"

An objection to this question having been overruled and an exception allowed, the witness replied in effect that persons, other than masons, who were working on the building might knock a brick off the scaffold. It will be seen that the answer was not responsive to the inquiry, and for that reason no prejudice could have resulted to the defendant if it were admitted that the question did not come within the strict rule of cross-examination.

6. In referring to the ordinance requiring the laying of temporary floors, the court told the jury, in effect, that such an enactment had the same force and effect as a State statute, and that a failure to comply with the requirements of municipal law was negligence *per se*. An exception having been taken to this part of the charge, it is maintained that an error was committed in the use of the language employed. In *Beck* v. *Vancouver R. Co.*, 25 Or. 32, 39 (34 Pac. 753, 755), the jury were charged as follows:

"It is not neglect of the company *per se* to run their trains faster than the ordinance of the city allows."

An exception was taken by the plaintiff's counsel to the language thus employed, but in affirming a judgment rendered for the defendant it was ruled that no error was thereby committed.

The principle thus announced was followed in *Kunz* v. *Oregon Railroad & N. Co.*, 51 Or. 191, 207 (93 Pac. 141: 94 Pac. 504), where it was held that in permitting a locomotive to be run at the rate of 20 or 30 miles an hour in the City of Portland where the maximum speed for the operation of trains was fixed by ordinance at six miles an hour was a circumstance from which negligence might reasonably be inferred. In that case the injury complained of occurred at a country road crossing, and, though such highway was within the limits of the city,

the country at that place was sparsely settled. It was intimated that a municipal regulation prescribing the rate of speed at which a locomotive might be operated within the limits of a city could be so restrictive as to defeat the speedy transportation of passengers and mails, thereby demonstrating that an ordinance of the kind then under consideration might be so unreasonable as to authorize a court to declare it ineffective. In view of such circumstance it was determined that the rate of speed at the place indicated did not afford conclusive evidence of negligence.

In *Peterson* v. *Standard Oil Co.,* 55 Or. 511, 520 (106 Pac. 337, 341: Ann. Cas. 1912a, 625), in referring to the doctrine promulgated in *Beck* v. *Vancouver R. Co.,* 25 Or. 32, 39 (34 Pac. 753, 755), Mr. Justice McBRIDE says:

"It must be confessed, however, that many courts, and perhaps the majority, draw no distinction between the State laws and city ordinances; but it seems to have been the opinion of this court, in an early case, that a violation of such ordinance does not constitute negligence *per se,* but is only evidence from which negligence may be inferred."

In that case is set forth an excerpt from 1 Thompson, Negligence, Section 11, where that distinguished author clearly shows that, as a rule of evidence, no distinction should be made between a state statute and a municipal ordinance commanding or prohibiting the doing of a particular act. The weight of authority supports the legal principle, and it is believed that reason sustains the rule stated by the trial court, that a violation of the provisions of the ordinance, requiring the laying of temporary floors in buildings under construction, constitutes negligence *per se,* and that no error was committed in so instructing the jury.

7. In another part of the charge the court told the jury, in effect, that, if they found from the evidence that the plaintiff was not guilty of contributory negligence, they should award him the full amount of damages which they considered he had sustained by reason of the hurt. An exception having been taken to the phrase "full amount of damages," it is insisted that an error was committed in using the term. The case of *Rost* v. *Brooklyn Heights R. Co.,* 10 App. Div. 477 (41 N. Y. Supp. 1069), was an action to recover damages for an injury to a child who had been run over by one of defendant's electric cars. The sum claimed in the complaint as the measure of the injury sustained was $60,000. In charging the jury the court, referring to the plaintiff, said:

"You will give her whatever you find that damage has been. If you decide to give her anything, to the full amount, without any reservation, giving her all that she is entitled to by way of compensation for the pecuniary or money loss she has sustained by reason of the hurt that has come to her."

An exception having been taken to the language used, the defendant's counsel observed:

"All they can give is an adequate compensation for the injury which this plaintiff has sustained."

To this remark the court replied:

"What I mean to say is that they are to give full damages that will be adequate to the money loss sustained by this child by reason of the hurt."

An exception was also taken to this last expression. In reversing a judgment for the plaintiff, the court said:

"Without passing upon the question whether technical error was committed in the charge which was the subject of exception, we are of opinion that the charge as a whole conveyed to the jury the wrong impression as to the extent of what would be adequate compensation, which may have led them to award the very large verdict which they did—a verdict which seems excessive

in amount, based upon any fair construction of the evidence."

The report of that case does not show the amount of the verdict.

In *City of Peoria* v. *Simpson,* 110 Ill. 294, 304 (51 Am. Rep. 683), the jury were told, in the trial of an action to recover damages for an injury, that, if they should find from the evidence that the plaintiff had established his case and was entitled to a verdict, it then became their "duty to fix such damages at the full sum that the whole evidence shall prove to be just and reasonable." An exception having been taken to this part of the charge it was ruled, in reversing the judgment, that the instruction was calculated to create in the minds of the jury the belief that it was incumbent upon them, in case they found for the plaintiff, to fix the damages at the highest possible amount the evidence would justify.

In *Guinard* v. *Knapp-Stout & Co.,* 95 Wis. 482, 489 (70 N. W. 671, 673), the court, in charging the jury on a feature of the case, said:

"If you find for the plaintiff, you will bring in such damages as will make him whole in dollars, as far as possible."

And it was ruled that an error had been committed necessitating a reversal of the judgment. To the same effect is the case of *Doherty* v. *Des Moines City Ry. Co.,* 137 Iowa 358 (114 N. W. 183).

Though these decisions show that the instruction under consideration is subject to criticism, the jury evidently understood the correct meaning of the phrase "full amount of damages" to be the pecuniary loss sustained, and as not necessarily requiring them to award the plaintiff the sum demanded in the complaint, for they did not give him one-fourth thereof. Under the former practice prevailing in this State that where error appeared prejudice would be presumed, a reversal of the

judgment would necessarily result. Where, however, as in the case at bar, it appears from a consideration of the whole testimony received at the trial and from the instructions which were given, and the requests therefor that were denied, which transcript is made a part of the bill of exceptions, that the judgment appealed from was such as should have been rendered in the case, the decision must be affirmed notwithstanding any error committed during the trial. Article VII, Section 3, Constitution of Oregon.

Other errors are assigned, but, deeming them immaterial, the judgment is affirmed.     AFFIRMED.

MR. JUSTICE BURNETT concurs in the result.