[Civ. No. 12616. First Dist., Div. Two. June 21, 1944.]

JOHN T. HILL, Appellant, v. EATON & SMITH (a Co-partnership) et al., Respondents.

Robert G. Partridge for Appellant.

Bronson, Bronson & McKinnon for Respondents.

NOURSE, P. J.—Plaintiff appeals from a judgment of nonsuit. His action for damages for personal injuries was filed against Eaton & Smith who were the general contractors engaged in erecting the building upon which plaintiff was injured. The building comprised a number of units, each unit forming a separate airplane hangar. At the time of his injury plaintiff was employed by the Alta Roofing Co., who had subcontracted to place a roof upon the building. There is no real dispute as to the facts.

Viewing the evidence in the light most favorable to the plaintiff, he had proved at the time of nonsuit that he was injured during his employment by the Alta Roofing Co. and that at the time of his injury he was doing his work according to the customary procedure and was an experienced roofer. Plaintiff was injured while engaged in laying base sheets which were 40 feet long and 32 inches wide and weighed 55 pounds to the 100-square feet. The strips were composed of rags, asbestos, asphalt and cowhair and were about ⅛ inch thick. The roof was longer than the strips and they had to be pieced. The men worked in pairs in placing the strips in position and plaintiff was working on the ridge of the building which slanted toward the valley in which the helper was working. It is plaintiff's contention that he was pulling against the strip to place it in position, which is the standard practice in laying the strips, when the strip tore and he tumbled backwards some five or six feet into the opening of an open skylight, and onto the concrete floor below, inflicting injury upon himself. The skylight, which was approximately 7 feet by 12 feet was not protected in any way while the roofers were working.

The wooden decks of these roofs were constructed by carpenters in the employ of the defendant and contained a row of skylights. As the skylight openings were made they were covered with heavy wire mesh by defendant's employees, but as each roof was completed, as to the wooden deck, the de-

fendant's employees moved the coverings. These wire meshes extended about two feet over the openings and had to be removed before the base sheets were laid. In putting on the base sheet and the hot asphalt the employees of the Alta Roofing Company would fold the base sheet over the place of the skylight, thus making it difficult to provide any protection for the opening.

Since plaintiff was the employee of the subcontractor, his relationship to the contractor was that of a business visitor or invitee. (*Dingman* v. *A. F. Mattock Co.*, 15 Cal.2d 622 [104 P.2d 26].) Defendant, however, was not the employer of plaintiff and did not owe him the same duty to make the premises safe that an employer owes to an employee.

In attempting to prove that defendant violated his duty of care toward plaintiff, the latter has cited a number of cases in which either an affirmative act was done by the invitor or in which the danger in or upon the premises, which caused the injury, was latent and was not known to the invitee, and either was, or should have been known to the invitor. (*Crane* v. *Smith*, 23 Cal.2d 288 [144 P.2d 356]; McCready v. *Southern Pac. Co.*, 26 F.2d 569; *Mendelsohn* v. *Van Herick*, 133 Cal.App. 612 [24 P.2d 878]; *Sawyer* v. *Hooper*, 79 Cal.App. 395 [249 P. 530]; *Hinds* v. *Wheadon*, 19 Cal.2d 458 [121 P.2d 724]; *Madigan* v. *O. A. Hale & Co.*, 90 Cal.App. 151 [265 P. 574]; *Wallace* v. *King*, 27 Cal.App. 2d 174 [80 P.2d 523]; *Ridge* v. *Boulder Creek etc. School Dist.*, 60 Cal.App.2d 453 [140 P.2d 990].) Plaintiff also cites *Marton* v. *Jones*, 44 Cal.App. 299 [186 P. 410], but in that case the negligence consisted of the violation of an ordinance. In the case at bar, the open skylights were obvious; they were not hidden in any way, and plaintiff was an experienced roofer, fully aware of their existence. Nor was defendant in any way responsible for the tearing of the paper which caused plaintiff to lose his balance and fall. The only ground of liability which plaintiff urges was that defendant in maintaining open skylights was guilty of negligence toward plaintiff.

The Restatement of the Law of Torts, section 340, defines the liability to licensees with reference to the passive condition of the premises as follows: "A possessor of land is not subject to liability to his licensees, whether business visitors or gratuitous licensees, for bodily harm caused to them by any

dangerous condition thereon, whether natural or artificial, if they know of the condition and realize the risk involved therein.''

In *Blodgett* v. *B. H. Dyas Co.*, 4 Cal.2d 511, 512 [50 P.2d 801], the court states: ''The owner of property, in so far as an invitee is concerned, is not an insurer of safety but must use reasonable care to keep his premises in a reasonably safe condition and give warning of latent or concealed perils. He is not liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care. (*Shanley* v. *American Olive Co.*, 185 Cal. 552 [197 P. 793]; *Mautino* v. *Sutter Hospital Assn.*, 211 Cal. 556 [296 P. 76].)''

In *Carroll* v. *Central Counties Gas Co.*, 74 Cal.App. 303, 308 [240 P. 53], the court says: ''Whether negligence *can* be inferred from the evidence is for the determination of the court, . . . (*Pacheco* v. *Judson Mfg. Co.*, 113 Cal. 541, 545 [45 P. 833, 834].)''

The evidence failed to show the violation of any duty owed by defendant to plaintiff and there was, therefore, no basis to subject defendant to liability for plaintiff's injury.

Plaintiff has also cited a number of cases to demonstrate that the open skylight was the proximate cause of the injury. Since, however, he has been unable to prove that having an open skylight in a building under construction constitutes negligence, or that any other basis of liability was created by, or was the responsibility of, the defendant it is unnecessary for us to consider what act, or acts, constituted the efficient cause of the injury.

■   Plaintiff also cites as error the failure of the court to admit in evidence Safety Orders of the Industrial Accident Commission No. 1138 and No. 1102. The former required that floor openings be covered and guarded during construction of buildings and the latter made general contractors responsible for carrying out the provisions of the Safety Orders. However, there was no basis laid for the introduction of either order. The skylight opening, and plaintiff's employment, were located on the roof; the order sought to be introduced dealt solely with floor openings within a building and

clearly was not admissible. Both orders were properly excluded.

The judgment of nonsuit is affirmed.

Sturtevant, J., and Spence, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 17, 1944. Carter, J., and Schauer, J., voted for a hearing.