262 P.2d 231

## PENDERGRASS v. LOVELACE.
### No. 5673.

Supreme Court of New Mexico.
Oct. 9, 1953.

Smith & Smith, Clovis, for appellant.

Gore & Nieves, Clovis, for appellee.

COMPTON, Justice.

This is an action for damages for the negligent spraying of a cotton crop. Appellee's cotton was located on land adjacent to appellant's premises. At the time of the spraying the cotton was up, a good stand, and gave promise of producing a fair yield. Appellant employed one Olmstead to spray his premises which were infested with weeds and vines. The spraying was done by the use of an airplane and with a solution commonly known as 2,4–D, a solution highly dangerous to cotton plants. In spraying appellant's premises, Olmstead flew at low altitude over the field of cotton belonging to appellee, making at least three trips. The plane emitted sufficient quantities of the solution as to damage the growing cotton. The cause was tried to the court, which found Olmstead's negligence was the proximate cause of the damages. From an adverse judgment, appellant appeals.

The sufficiency of the evidence to identify Olmstead as the operator of the plane is questioned. This contention merits but little consideration. Appellee and his sons were working in the cotton during the early part of June 1951, when an airplane sprayed appellant's premises. The plane then passed over the cotton crop and did the damages complained of. When the cotton began to show the effects of the spraying, appellee discussed the question of damages with appellant and he admitted that on June 7, 1951, Olmstead sprayed his premises with 2,4–D, by the use of an airplane. Moreover, appellant suggested

both of them should sue Olmstead for his negligence. We will not review the evidence further. Suffice it to say, no logical conclusion can be reached other than Olmstead was the operator of the plane.

██ Urgently argued is the point that Olmstead was an independent contractor; hence, appellant is not responsible for his acts. It is a general rule that an employer is not liable for the negligence of an independent contractor; however, there are certain exceptions to the rule. Work that is intrinsically and inherently dangerous in performance is not delegable so as to escape liability, and 2,4–D is potentially dangerous. Chapman Chemical Co. v. Taylor, 215 Ark. 630, 222 S.W.2d 820. Consequently, when appellant delegated the spraying of his premises to Olmstead, whether as an employee or independent contractor, he assumed full responsibility for his acts. The test in such case is stated at 57 C.J.S., Master and Servant, § 590(b) and § 591(a), as follows:

"* * * The proper test, it has been said, is whether danger inheres in the performance of the work; * * *. Work held inherently dangerous, within the exception, includes: Building of a brick wall abutting on a highway; *depositing an insecticide, consisting of a poisonous dust or spray, on a field; * * *.*" (Emphasis ours.)

"One who owes, and is personally bound to perform, an absolute and positive duty to the public or an individual cannot escape the responsibility of seeing that duty performed by delegating it to an independent contractor, and will be liable for injuries resulting from the contractor's negligence in the performance thereof, whether the duty is imposed by law or by contract, or, if it is imposed by law, whether it is imposed by the common law, by statute, or by municipal ordinance; and it is of no consequence whether or not the owner exercised care in selecting the contractor or *whether the breach of the employer's duty occurs during the progress of the work* or from a defective condition of the work after it is finished." (Emphasis ours.)

The following are other crop dusting cases: Gerrard Co. Inc. v. Fricker, 42 Ariz. 503, 27 P.2d 678; Heeb v. Prysock, 219 Ark. 899, 245 S.W.2d 577; McKennon v. Jones, 219 Ark. 671, 244 S.W.2d 138. See also Miles v. A. Arena & Co., 23 Cal. App.2d 680, 73 P.2d 1260; State v. Williams, 12 Wash.2d 1, 120 P.2d 496; Law v. Phillips, W.Va., 68 S.E.2d 452; Pannella v. Reilly, 304 Mass. 172, 23 N.E.2d 87; and Anno. 12 A.L.R.2d 436 where the cases are collected.

██ It is finally asserted the evidence as to damages is speculative and uncertain. We have held mathematical exactness is not required. J. R. Watkins Co. v. Eaker, 56 N.M. 385, 244 P.2d 540. When the

proof is reasonably certain that damages have been sustained, mere uncertainty as to amount does not deny the right of recovery. Under the view we take of the evidence, the damages sustained by appellee are fairly susceptible. Appellee's cotton crop was the only one in that vicinity. The nearest cotton grown that year was by one Magness, a distance of some 7 or 8 miles. The Magness cotton was used by the court as a basis for comparison. As previously stated, appellee's crop at the time it was damaged was well advanced. The Magness land and the land upon which appellee's cotton was planted were substantially the same; the rainfall compared favorably; and cultivation was essentially in the same manner. But for the injury, appellee would have produced approximately 5,644 pounds of cotton which was then selling at thirty-two cents per pound; instead, his cotton crop, after deducting cost of harvest, brought the sum of $441.99. The harvest told the story. On these facts, the court ascertained the damages for which judgment was rendered, $1,211.99. Uncertainty which prevents a recovery is treated by the author at 15 Am.Jur., Damages, § 23, in the following language:

"There is a clear distinction between the measure of proof necessary to establish the fact that the plaintiff has sustained some damage and the measure of proof necessary to enable the jury to fix the amount. Formerly, the tendency was to restrict the recovery to such matters as were susceptible of having attached to them an exact pecuniary value, but it is now generally held that the uncertainty which prevents a recovery is uncertainty as to the fact of the damage and not as to its amount and that where it is certain that damage has resulted, mere uncertainty as to the amount will not preclude the right of recovery. This view has been sustained where, from the nature of the case, the extent of the injury and the amount of damage are not capable of exact and accurate proof. * * *"

The measure of damages as to growing crops was before us in Smith v. Hicks, 14 N.M. 560, 98 P. 138, 144, 19 L.R.A.,N.S., 938, wherein the court quotes approvingly, the following:

"* * * 'In cases of destruction of growing crops it is proper and important to introduce and admit evidence showing the kind of crops the land is capable of producing, the kind of crops destroyed, the average yield per acre of each kind on the land not destroyed and on other similar lands in the immediate neighborhood, cultivated in like manner, the stage of growth of the crops, at the time of injury or destruction, the expense of cultivating, harvesting and marketing the crops, and the market value at the

time of maturity, or within a reasonable time after the injury or destruction of the crops.' * * *"

The judgment will be affirmed. And It Is So Ordered.

SADLER, C. J., and McGHEE, LUJAN and SEYMOUR, JJ., concur.