**AMERICAN AUTOMOBILE INSUR-
ANCE COMPANY, a corpora-
tion, Appellant,**

v.

**The FIDELITY AND CASUALTY COM-
PANY OF NEW YORK, a corpo-
ration, Appellee.**

No. 5526.

United States Court of Appeals
Tenth Circuit.

Aug. 5, 1957.

Caswell S. Neal, Carlsbad, N. M., (of
Neal, Neumann & Neal, Carlsbad, N.
M.), for appellant.

Ross L. Malone and Paul A. Cooter,
Roswell, N. M., for appellee.

Before BRATTON, Chief Judge, and
HUXMAN and MURRAH, Circuit
Judges.

MURRAH, Circuit Judge.

In this declaratory action be-
tween two casualty insurance companies,
the only issue is which, if either, of the
two companies is liable under their re-
spective policies for amounts paid by
each in compromise settlement of claims

against the insured under both policies. Upon stipulated and uncontroverted facts, the trial court held that neither of the companies was liable under its policy for the amounts paid and accordingly denied relief on the claim and counterclaim which raised the issue.

The appellant, American Automobile Insurance Company, issued its public liability policy to Sabine Drilling Company covering bodily injury and property damage risk of the insured, excluding however, among other risks, liability arising from the operation of automobiles "while away from the premises owned, rented or controlled by the named insured or the loading or unloading thereof", except with respect to operations performed by independent contractors for which the insured would be legally liable. The appellee, Fidelity and Casualty Company of New York, issued its comprehensive automobile liability policy to Sabine covering, with immaterial exceptions, liability for bodily injury and property damage arising out of the ownership, maintenance or use of any automobile.

While these policies were in force, the insured drilling company engaged the Walker Trucking Company to pick up, deliver and install a repaired crown block on the top of one of its drilling rigs in Lea County, New Mexico. In the course of such operations, the truck driver stretched a steel wire cable from the well derrick to a winch on his truck at right angles across a road near the drilling rig. While this cable line was thus tautly stretched, the driver of a dump truck ran into it, killing him and damaging the truck. As a result, two suits were filed in the New Mexico state court against the insured drilling company and the trucking company, one for wrongful death of the truck driver, the other for property damage to the truck. Both insurance companies for the drilling company denied liability under their respective policies, but undertook the defense of the actions, along with the carrier for the trucking company.

While the suits were pending, the three insurance companies entered into a stipulation whereby they agreed to effect a settlement of the two suits by stated contributions from each of them, with the express understanding that such contributions were wholly without prejudice to either of the carriers for Sabine to institute a declaratory action against the other to determine liability as between them under their respective policies, "reserving the right to have such question determined judicially." The carrier for the Walker Trucking Company was released from any further claim whatsoever by the carriers for Sabine. American then brought this declaratory action against Fidelity to recover the $5,899.62 paid by it on the settlement, alleging that Fidelity's comprehensive policy covered the asserted loss and that its policy did not. Fidelity counterclaimed to recover a like amount paid by it on the grounds that the American policy covered the loss.

The trial court found that the trucking company undertook the installation of the repaired crown block without any directions or control over such operations by the drilling company; that the drilling company had no right to control the actions of the trucking company and its employee other than to designate the job which was to be done. It accordingly concluded, as a matter of law, that the trucking company was an independent contractor, and Sabine was therefore not liable for the acts of the trucking company's employee; that since Sabine was not liable, neither of its carriers was liable, and being volunteers to the settlement, neither could recover from the other.

Both parties appealed from the judgment, but Fidelity has dismissed its appeal. 10 Cir., 247 F.2d 187. American takes the position that by their settlement contract, the parties "elected to assume Sabine's liability and discharge it by the settlement"; having thus contracted, the parties were entitled to have coverage under their respective policies

judicially determined upon this postulate; that the question whether Walker was an independent contractor was never tendered in the lawsuit and the trial court erroneously premised its decision upon it.

The parties were doubtless free to confess the tort liability of their insured for the accident, either for the purposes of the state court litigation or coverage in this suit, and to thus avoid the independent contractor issue. But we think it is perfectly clear that they had no intention of doing so. In the first place, they did not so stipulate. Although they expressed a desire to "settle all liability as between the defendants and plaintiffs" in the state court litigation, they obviously had in mind the settlement of the lawsuit to avoid determination of that very issue, and to leave the issue of liability under the policies to be independently determined on the operative facts. In the trial of the case, the parties stipulated to facts and adduced evidence bearing on the issue whether Walker was an independent contractor. And indeed, American requested the trial court in this litigation to find that Walker was an independent contractor as one of the basic and operative facts. Then too, Fidelity requested the court to hold likewise as a matter of law. Without more, it is plain that both of the parties treated Sabine's tort liability as an open and decisive issue in this lawsuit.

Having requested the court to make a determination that Walker was an independent contractor as a factual basis for noncoverage, American cannot now complain of a judgment which is a legal consequence therefrom. See Omaha Hdw. Lbr. Co. v. J. H. Phipps Lbr. Co., 8 Cir., 135 F.2d 3; National Loan & Inv. Co. v. Rockland Co., 8 Cir., 94 F. 335. But quite apart from that, it was incumbent upon American to establish the essential elements of its claim that Fidelity was liable under its policy for the loss arising out of the accident. In like manner, the burden rested upon Fidelity to establish the cause of action pleaded in its counterclaim. For the purpose of establishing the right of each under their respective contracts, the parties stipulated and agreed to certain basic and operative facts from which the court concluded that Walker was an independent contractor for whose acts Sabine was in no wise liable.

■■ It is a general rule of law, applicable in New Mexico, as elsewhere, that an employer is not liable in damages for the negligence of an independent contractor, unless the work being performed by such independent contractor is so inherently or intrinsically dangerous as to be non-delegable. Pendergrass v. Lovelace, 57 N.M. 661, 262 P.2d 231. No such exception is asserted here.

It follows, therefore, that by whatever name we may choose to designate the legal status of the parties—whether volunteers or some other nomenclature—we are brought to the conclusion that the trial court's judgment was correct and it is affirmed.