378 P.2d 364

**Eva SRADER, Plaintiff-Appellant,**

v.

**PECOS CONSTRUCTION COMPANY, Inc.,
a corporation, Defendant-Appellee.**

No. 6903.

Supreme Court of New Mexico.

Jan. 17, 1963.

Webb & Beavers, Farmington, Johnston Jeffries, Aztec, for appellant.

Brown, Wood & Roberts, Farmington, for appellee.

CHAVEZ, Justice.

This is an appeal from a summary judgment in favor of appellee.

Appellant filed suit against appellee, asking damages for injuries received by her while she was helping her husband shingle a house which was being constructed by appellee in Farmington, New Mexico. Appellant's complaint alleged that appellee entered into a contract with John E. Srader, Jr., her husband, to shingle said house; that she was lawfully upon the roof of said house assisting her husband in carrying out his contract; that appellee had negligently failed to cover a large floor opening in said roof with substantial floor covering, or failed to install substantial railings around said opening, contrary to a Farmington ordinance in effect at the time of the accident; that said ordinance was passed and made effective for the purpose of protecting persons, such as appellant, from injury while upon the roof of a building under construction; and that as a direct result of appellee's negligence in failing to comply with the terms of the ordinance, appellant fell through said opening suffering serious injuries, for which she asked judgment in the sum of $25,000. Certain

portions of the ordinance were set out in the complaint.

. Appellee answered denying the allegations of the complaint and alleged, as separate defenses, that appellant was a trespasser, bare licensee, or volunteer. In addition, the defenses of contributory negligence and assumption of risk were raised, as well as the defense that appellee owed no duty to appellant. The depositions of appellant and her husband were taken. Appellant filed her request for admissions of fact, to which appellee answered; whereupon, appellee moved for summary judgment which the trial court granted.

John E. Srader, Jr., appellant's husband, was a carpenter in appellee's employ. He also did extra shingling work for appellee in his off-time, usually in the evenings and on Saturdays and Sundays. Srader was paid $2.75 per square on a flat rate per job, which averaged about $65 to $70 per house. He was not paid by the hour. It usually took him twelve hours to shingle a house. Appellee supplied the materials and Srader furnished his own tools, with the exception of a ladder furnished by appellee. Srader worked without supervision or control, except as to final results. After Srader finished his work, appellee inspected it and, if satisfactory, Srader got his check. Srader could hire additional help, if he desired, but had to pay for same from his own funds. Srader usually worked alone and had previously shingled six houses for appellee.

On the day of the accident, a Sunday afternoon in November, appellant was upon the roof helping her husband, having volunteered her help because he had frozen some of his fingers in a recent sleet storm, and because they wanted to get through before the weather got bad. The top of the roof was ten feet above the ground. Some three or four days previous to the accident, Srader had laid the "dry sheet," a kind of felt material applied to a roof prior to the laying of the shingles, and this also included covering the roof opening left for the fireplace. Appellant and her husband arrived at the house about 1:00 p. m. and the accident occurred at 1:30 p. m. Srader was putting on the starter row when suddenly he heard a "kind of crash sounding" and saw appellant's hands disappearing as she fell through the dry sheet and down the opening it covered. Appellant was about fifteen feet from Srader when she went through the opening. Prior to the accident, appellant had been driving nails behind Srader on the west side of the house and had crossed over to open some bundles of shingles and scatter them along the roof. The bundles were on the west side and had been placed there by appellee. The fireplace opening was on the west side, about fifteen feet from where Srader was working. There were no guardrails or other indication to warn appellant of the existence of the opening, except for

some boards which were lying across the roof. Since these boards were similar in appearance to those she had previously handed up to Srader to use as a straight-edge, she thought they were simply extra boards lying there. Appellant was relatively inexperienced, having helped roof her own house and having worked earlier on the same day on another house being built by appellee, at which time appellee's agents saw her working with her husband and jokingly congratulated him for having such a good helper.

■■ In the consideration of a motion for summary judgment, the function of the trial court is to determine whether there is a genuine issue of material fact for trial. On appellee's motion for summary judgment, appellant must be given the benefit of all reasonable inferences to be drawn from the pleadings, affidavits and depositions, and all doubts as to the existence of such an issue must be resolved against the moving party. Agnew v. Libby, 53 N.M. 56, 201 P.2d 775; McLain v. Haley, 53 N.M. 327, 207 P.2d 1013; Morris v. Miller & Smith Mfg. Co., 69 N.M. 238, 365 P.2d 664. A summary judgment is not proper where there are material issues of fact involved. Morris v. Miller & Smith Mfg. Co., supra; Sooner Pipe & Supply Corp. v. Doerrie, 69 N.M. 78, 364 P.2d 138. In Ginn v. Mac-Aluso, 62 N.M. 375, 310 P.2d 1034, this court said:

"* * * In resolving this question we must view the testimony in the most favorable aspect it will bear in support of the plaintiff's claim of right to go to the jury. One contesting the right bears a heavy burden. Michelson v. House, 54 N.M. 197, 218 P.2d 861, 863. * * *

"'* * * Litigants are entitled to the right of trial where there is the slightest doubt as to the facts. Ramsouer v. Midland Valley Railroad Co., D.C., 44 F.Supp. 523; Whitaker v. Coleman, 5 Cir., 115 F.2d 305.'"

6 Moore's Federal Practice, § 56.08, p. 2050, states the rule as follows:

"A defending party who moves for summary judgment has the burden of clearly establishing his right thereto as a matter of law."

Appellant sets forth a portion of the Farmington Building Ordinance, reading as follows:

"SECTION 1207. FLOOR OPENINGS.

"All floor openings, unless guarded by permanent enclosures or full-height temporary barriers, shall be covered with substantial temporary flooring, or guarded on all sides by substantial railings not less than 4 feet high set at least 2 feet from the edges of the openings, and by toe boards not less

**324**

than 6 inches high set along the edges of the openings, except for such parts of the openings as are necessarily open for traffic purposes."

Appellee admitted the existence of the ordinance at the time of the accident; that there was an opening in said roof prior to the time Srader began his work thereon; that prior to the time Srader began his work thereon, neither appellee, its agents or employees, had covered said opening or installed a railing around said opening; that at no time did appellee, its agents or employees, install a railing around any such opening; that after Srader began work on said roof, and before appellant entered upon said roof, Srader covered said opening with what is known as a "dry sheet"; that the only covering of said opening was made by Srader; and that Srader's status at the time he covered said opening is a conclusion of law. Appellee, in response to appellant's request for admissions, denied:

"6. That said city ordinance was passed and made effective for the purpose of protecting persons, such as plaintiff, from injury while lawfully upon the roof of a building under construction.

"7. That defendant, as the contractor for the construction of said above mentioned house, was responsible for complying with the provisions of the above mentioned city ordinance."

■ In addition to the foregoing denials, appellee, in its brief and answer, denied the applicability of the referenced Farmington ordinance, being Chapter 1.1 of the Farmington Municipal Code, stating that "the ordinance on floor openings does not pertain to the roof." Since a violation of a statute or ordinance has been held to be negligence per se, McLain v. Haley, supra, in order for the ordinance to be relevant to the question of actionable negligence, the act or omission complained of must have involved an actual violation of the ordinance. 65 C.J.S. Negligence § 19, p. 422; Hill v. Eaton & Smith, 65 Cal.App.2d 11, 149 P.2d 762.

■ On its face, this section of the ordinance would seem to refer only to openings in floors and be inapplicable to the instant case. The trial court did not indicate the basis upon which he granted summary judgment; therefore, we can only indulge in forbidden speculation as to his actual reasons for so ruling. It is clear that the quoted portion of the ordinance was the only part set out in the pleadings. Appellant argues that "roof" and "floor" have equivalent meanings in the building trades, and furthermore, that this is a question of fact which should be decided by the fact trier. From the record, we are unable to ascertain whether this argument was made to the trial court. Normally, while the moving party has the burden of showing that there exists no genuine issue of ma-

terial fact, when a prima facie showing to this effect has been made, the opposing party cannot remain silent or defeat the motion by a bare contention that an issue of fact exists. Southern Union Gas Co. v. Briner Rust Proofing Co., 65 N.M. 32, 331 P.2d 531.

Rule 44(d), Rules of Civil Procedure, (§ 21–1–1(44) (d), N.M.S.A., 1953 Comp.), provides that the courts of this state shall take judicial notice of the following facts:

"(1) The true significance of all English words and phrases and of all legal expressions;

"(2) Whatever is established by law; * * *."

Furthermore, Farmington, like other cities and towns, had authority to enact a building code. Section 14–28–1, N.M.S.A., 1953 Comp. Therefore, where as here, the ordinance in question has been pleaded and admitted as valid, we will look to the ordinance itself to ascertain the special meaning intended and given by it to the words "floor openings."

▮ The section immediately preceding the one hereinbefore quoted and set out in the pleadings is entitled "Flooring," and it would appear to include the roof of a structure under the definition of "floor" or "working floor" during the period of construction. It reads as follows:

"SECTION 1206. FLOORING.

"1206.1. Working floor.

"In buildings or structures the entire tier of beams on which construction of the frame is proceeding, known as the working floor, shall be planked over, except spaces required for construction work, for raising or lowering materials and for stairways or ladders. * * *"

The two sections in question are part of Article XII, which is denominated "Safeguards During Construction." The purpose of the code is remedial, including the following:

"* * * protection to life and property from fire and hazards incident to the design, construction, alteration, removal or demolition of buildings and structures."

Like all ordinances enacted under the police power of a municipality for the protection of the public health and safety, it should be liberally construed. 62 C.J.S. Municipal Corporations § 442, p. 852.

▮ Appellee also argues that there was no charge by appellant that appellee was responsible for carrying out the provisions of the ordinance. It is true that the complaint is not specific. The requests for admission and appellee's answers thereto, however, were part of the motion. **This**

issue was specifically raised by request for admission No. 7 and appellee's response thereto, previously set out in this opinion. In view of the above and our liberal construction of pleadings, we believe that the issue is squarely before us, as it was before the trial court. The record does not indicate to whom the building permit was issued. This is a fact question which can be readily determined at trial. Also pertinent would be the general practices in the building industry. "Contractor" is among the persons listed as subject to penalties for breach of the duties enjoined by the code in "Section 106.1. Noncompliance." Therefore, we hold it would be error to find, by summary judgment, that this duty did not rest upon appellee as a matter of law. To the contrary, it may be that the ordinance imposed a nondelegable duty upon appellee. At which point in the construction of the building did the duty set forth in § 1207 of the ordinance, supra, arise? It arose at the moment conditions were such as to require safety measures to be taken, i. e., when the opening first came into being. If appellee was in charge of the work at that time, an inference which may fairly be drawn from the record, then the terms of the ordinance would appear to place this duty upon him. His duty would be equivalent to that of the owner or possessor of land. The harm which resulted would be from the particular work entrusted to him—construction of the building. Restatement, Torts, § 384; Cock-

erham v. R. E. Vaughan, Inc., (Fla.1955), 82 So.2d 890; Morgan v. Bross, 64 Or. 63, 129 P. 118.

Appellant contends that the issue raised by the motion for summary judgment is the status of appellant at the time of the injury. While appellee asserts that appellant was a trespasser, bare licensee or volunteer, and that it owed no duty to her other than not to wantonly injure her, appellant claims that she was an invitee and that appellee was under a duty to carry on its activities in accord with the ordinance. Appellant's husband had authority to employ others or to make use of their services. Her presence on the roof was therefore lawful. It is true appellant states that she volunteered her services. However, these services were to the benefit of her husband and he made use of them. Whether actually paid or not, appellant, by helping shingle the roof, was engaged in work which was of mutual advantage to her husband and to appellee. Bickham v. Southern California Edison Co., 120 Cal.App.2d 815, 263 P.2d 32. This distinguishes the instant situation from that existing in Bogart v. Hester, 66 N.M. 311, 347 P.2d 327, in which the claimant was injured while assisting an employee of the defendant who, as an employee and not an independent contractor, had no authority to hire the claimant or to otherwise place him in a relationship with the defendant such that the defendant owed him a duty of care. The claimant was

termed a volunteer by the court thereby negating any liability of the defendant.

As a person lawfully present at the building site, we hold that appellant is among the class of persons for whose protection the ordinance in question was enacted. Sun Oil Co. v. Kneten, (5 CCA 1947), 164 F.2d 806; Murk v. Aronsen, 57 Wash.2d 785, 359 P.2d 816.

 Appellee argues that if appellant's husband was an independent contractor, appellant is barred from recovery because, as a rule, the general contractor is not liable for the negligence of an independent contractor. Pendergrass v. Lovelace, 57 N.M. 661, 262 P.2d 231. In the first place, it is not clear as a matter of law that the negligence in question, if there was any, was solely that of the husband. In the second place, the rule is subject to numerous exceptions. Prosser on Torts, 2d Ed., Independent Contractors, § 64, p. 357. In Snyder v. Southern California Edison Co., 44 Cal.2d 793, 285 P.2d 912, a "nondelegable duty" was present, as may be the case here. The Snyder case contains an exhaustive discussion on this point. See also 27 Am. Jur., Independent Contractors, §§ 48, 49, pp. 525–528. Therefore, if the duty enjoined by the ordinance rests upon the general contractor, breach of this duty amounts to negligence per se on the part of appellee. If appellee's negligence combined with that of appellant's husband in being the proximate cause, or a proximate contributing cause, of the injury, appellee cannot escape liability. In Bickham v. Southern California Edison Co., supra, the court said:

"The very purpose of the safety order was the prevention of [injury] * * *. The standard of conduct was set up for the reason that injury * * * was an occurrence to be anticipated and guarded against. * * *"

Apart from the issues raised by the ordinance, an examination of the depositions forming part of the motion for summary judgment indicates existence of other issues of fact. Did appellee, as general contractor, know or should it have known that the opening in the roof had been covered by appellant's husband? This question is raised by the facts that the dry sheet had been applied three or four days prior to the accident, that someone had placed boards over the opening as a warning, and that bundles of shingles had been scattered over the roof by appellee. It is not clear whether these bundles had been placed there before or after the application of the dry sheet. According to the record, appellee's agents had not seen appellant at the location of the accident. They did have knowledge, however, that on the same day appellant was helping her husband on another house which he was shingling for appellee. From the state of the record, it would be pure speculation to conclude either way as to appellee's knowledge that appellant was

present. This is not to say that, had there been no issue of the applicability of the ordinance, mere speculation as to the existence of fact issues would have defeated the motion for summary judgment. This is particularly true where appellee's knowledge was not alleged by appellant.

The judgment is reversed and the case remanded with direction to set aside the judgment heretofore entered and proceed to trial in a manner not inconsistent with the views herein expressed.

It is so ordered.

COMPTON, C. J., concurs.

MOISE, J., specially concurring.

CARMODY and NOBLE, JJ., not participating.

MOISE, Justice (concurring specially).

I am in accord that the judgment appealed from should be reversed and the cause remanded.

However, in arriving at my conclusion, I limit myself to consideration of the issues raised by the motion for summary judgment and the ruling of the trial court thereon.

As I understand the motion, it asserts that defendant was entitled to judgment because there was no genuine issue of material fact as between the parties in that plaintiff, at the time of her injury, was on the premises of defendant as a trespasser or bare licensee, as a volunteer, or to assist her husband, and that there is no duty owing to her except not to wilfully or wantonly injure her if she was a trespasser or bare licensee.

I do not see any real issue of fact present concerning the status of plaintiff on the premises. If plaintiff's husband was a subcontractor, and she was an employee of his she was an invitee on the premises, and defendant owed her a duty of due care to supply her a safe place to work. See cases cited in note in 20 A.L.R.2d 868, 873.

On the other hand, it is clear that if her husband was not a subcontractor, but an employee of defendant, he had authority to have plaintiff assist him, and if he did, she was not a trespasser, bare licensee, or mere volunteer, but was an invitee. Compare Bogart v. Hester, 66 N.M. 311, 347 P. 2d 327, where the employer was held liable because of a lack of authority in the employee to create any type of relationship between the claimant and the employer.

Whether the ordinance sued upon made defendant negligent as a matter of law does not appear to have been within the matters raised by the motion for summary judgment, and we should express no opinion on it.

On the other hand, plaintiff being present by authority of her husband as an independ-

ent contractor, or by virtue of authority from his employer, the court was wrong in determining that her claim should be dismissed on any of the grounds stated in the motion.

It follows that the motion should have been overruled and, accordingly, the judgment appealed from should be reversed and the cause remanded to the trial court.